IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA AKPAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2981 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

This Federal Tort Claims Act ("FTCA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 13] and Motion for Summary Judgment on Damages ("Damages Motion") [Doc. # 14] filed by Defendant United States of America. The United States argues that Plaintiff Brenda Akpan has no expert evidence of causation and has no expert evidence that her alleged damages were reasonable and necessary. Plaintiff filed a Motion for Leave to Designate Expert Witnesses [Doc. # 15], together with a consolidated Response to Defendants' two motions. The United States filed its Opposition to Plaintiff's Motion for Leave to Designate Expert Witnesses [Doc. # 16]. Plaintiff neither filed a reply nor requested additional time to file one.

The Court has carefully reviewed the full record. Based on that review, and the application of relevant legal authorities, the Court **denies** Plaintiff's Motion and

Defendant's Motion for Summary Judgment.  The Court **grants** Defendant's Motion for Summary Judgment on Damages as to past medical expenses.

## I.     BACKGROUND

On April 15, 2014, Plaintiff was driving her vehicle when it was struck by a U.S. Postal Service delivery vehicle.  Plaintiff was examined at the scene by first responders from the Cy-Fair Volunteer Fire Department ("Cy-Fair F.D.").  Plaintiff complained of head and right knee pain, and asked to be transported to Houston Methodist West Hospital ("Hospital").  Plaintiff was examined at the Hospital and released the same day.

On April 11, 2014, four days before the accident with the Postal Service vehicle, Plaintiff injured both knees while working as a Teacher's Aide.  Dr. Kenneth Lee and Dr. Trang T. Trinh were the treating physicians.  Plaintiff filed a Workers' Compensation Claim in connection with the injury to her knees.  In "2014 or 2015," Plaintiff was injured in a different motor vehicle accident in which she sustained neck and lower back injuries and for which she filed a lawsuit.  In January 2012, Plaintiff was injured at work when a student pushed a desk into her, causing abdominal and lower back injuries.  Plaintiff filed a Workers' Compensation Claim in connection with these injuries.  Medical records from Dr. Trinh reveal that Plaintiff had a history of chronic knee, neck and back pain that preceded the accident at issue in this case.

Plaintiff filed this FTCA lawsuit on October 5, 2016. She claims damages based on injuries to her left knee, neck and lower back.

On December 19, 2016, the Court conducted an initial scheduling conference attended by counsel for both parties. *See* Hearing Minutes and Order [Doc. # 9]. Following the close of discovery, Defendant filed the Motion for Summary Judgment and the Motion for Summary Judgment on Damages. Plaintiff then filed the Motion for Leave to Designate Expert Witnesses. The pending motions are now ripe for decision.

## II. **MOTION TO DESIGNATE EXPERT WITNESSES**

At the initial scheduling conference on December 19, 2016, the Court, with input from and the agreement of counsel, entered a Docket Control Order establishing May 1, 2017, as the deadline for Plaintiff to designate expert witnesses and provide expert reports. *See* Docket Control Order [Doc. # 10]. At the conference, the Court explained to counsel for Plaintiff that treating physicians often were not qualified to provide opinions on causation and, therefore, Plaintiff would likely need to designate experts on that issue. *See* Hearing Minutes and Order ("Discussions held about expert opinions"). Plaintiff did not designate expert witnesses or provide reports by the May 1 deadline.

Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause is met when the party seeking relief demonstrates that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003); *see also Martino v. Kiewit New Mex. Corp.*, 600 F. App'x 908, 911 (5th Cir. Jan. 29, 2015). Mere inadvertence on the part of the movant, even when coupled with the absence of prejudice to the non-movant, is insufficient to establish good cause. *See Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 1775527, *2 (S.D. Tex. May 2, 2014). Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* District courts are afforded "a great deal of deference in determining whether to modify scheduling orders." *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008). To determine whether a movant has established "good cause" to extend the deadline for expert designations and reports, the Court considers the following four factors:

(1) the movant's explanation for the failure to designate experts and produce reports by the deadline;
(2) the importance of the proposed expert testimony;
(3) potential prejudice in extending the experts deadline; and
(4) the availability of a continuance to cure such prejudice.

*See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003).

In this case, the only explanation for having failed to designate experts by the deadline is "oversight," which is not adequate to support a finding of good cause. Plaintiff argues that she is relying on the testimony of only non-retained medical experts. Such non-retained experts, however, must be designated and must provide a statement of the subject matter on which he is expected to testify and the facts and opinions to which he is expected to testify. *See* FED. R. CIV. P. 26(a)(2)(C). Plaintiff failed to designate non-retained medical experts or to produce the statements required by Rule 26.

The Court recognizes that the proposed experts are very important to Plaintiff's case. For that reason, the Court explained to Plaintiff's counsel at the initial scheduling conference in December 2016 that, where causation is contested and possible pre-existing or alternative causes for the claimed injury exist, treating physicians generally could not provide opinions on causation because such topics are outside their expertise. Therefore, the Court advised counsel that Plaintiff likely would need expert testimony on the causation issue. Notwithstanding the Court's explanation of the importance of designating experts, Plaintiff failed to do so.

Plaintiff argues that Defendant will not be prejudiced by the late designation because she served Depositions on Written Questions on the witnesses. Plaintiff also listed certain health care providers in her Initial Disclosures [Doc. # 11]. Neither the

Initial Disclosures nor the Depositions on Written Questions, however, suggested that Plaintiff intended to offer expert testimony from the witnesses. In actuality, the potential prejudice to Defendant if the deadline is extended is quite significant. Discovery has been completed and Defendant has prepared and filed dispositive motions. The docket call for this case is in less than one month. Extending the deadline would require Defendant to incur additional expense and would seriously delay the final resolution of this lawsuit.

A continuance would not cure the prejudice that results from increased expense or additional delay. The Court exercises its discretion to maintain the integrity of the schedule agreed to by counsel and set forth in the Docket Control Order.

Plaintiff has failed to demonstrate good cause for failing to designate experts by the May 1, 2017 deadline. As a result, the Motion for Leave to Designate Expert Witnesses at this late date is **denied**.

### III. MOTIONS FOR SUMMARY JUDGMENT

#### A. Applicable Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d

587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004);

*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the

existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405. "Rule 56 does not impose upon the district court a duty to sift through the

record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

### B. <u>Causation</u>

To state a viable negligence claim under Texas law, "a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Defendant argues that Plaintiff has not presented evidence that raises a genuine issue of material fact that her damages were proximately caused by the accident on April 15, 2014.

A plaintiff generally may prove causation either through lay testimony or through expert testimony. See *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). A plaintiff may rely on non-expert testimony where "general experience and common sense" would allow a layman to determine, with reasonable probability, the causal relationship between the event and the medical condition and treatment. *Id.* (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). Determining whether the accident at issue, rather than some other event or a pre-existing condition, caused the need for specific medical treatment is beyond "common experience" and requires expert testimony by a qualified expert.

*See Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1994). The Court explained this to Plaintiff's counsel at the December 19, 2016 initial scheduling conference.

In this case, as explained above, Plaintiff failed to designate any experts and, therefore, has no expert testimony regarding the required causal relationship between the accident in suit and her post-April 15, 2014 medical condition and treatment. The causal relationship is not apparent based on "general experience and common sense" since Plaintiff claims damages resulting from injuries to her left knee, neck and lower back, while the medical records from Cy-Fair F.D. and the Hospital reflect minor head and left knee injuries from the accident in issue. As a result, Defendant is entitled to summary judgment as to post-April 15, 2014 conditions and treatment.

Plaintiff has presented evidence, however, that on April 15, 2014, the day of the accident, she was treated by Cy-Fair F.D. and was transported to the Hospital for further evaluation and treatment. The causal connection between the accident and her treatment on that day at the scene and at the Hospital is within the common experience of a non-expert witness. Therefore, Plaintiff has presented evidence that raises a genuine issue of material fact regarding those damages. Plaintiff's evidence regarding the treatment by Cy-Fair F.D. and the Hospital on April 15, 2014, could establish the damages element of her negligence claim. As a result, Defendant's Motion for Summary Judgment is **denied**.

## C. Damages

In order to recover damages for the medical treatment she received on April 15, 2014, Plaintiff must prove (1) the amount of the charges for the medical expenses; (2) the reasonableness of the charges; and (3) the necessity of the charges. *See Owens v. Perez*, 158 S.W.3d 96, 110 (Tex. App. – Corpus Christi 2005, no pet.). Plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code. *See Hilland v. Arnold*, 856 S.W.2d 240, 241 (Tex. App. – Texarkana 1993, no pet.).

In this case, as discussed above, Plaintiff has not presented expert testimony that the medical expenses charged by Cy-Fair F.D. and the Hospital on April 15, 2014 were reasonable and necessary. Additionally, Plaintiff has conceded that she obtained Depositions of Written Questions in lieu of obtaining affidavits that comply with § 18.001. *See* Plaintiff's Motion, p. 4. In any event, the Cy-Fair F.D. Medical Records Affidavit [Doc. # 13, Exh. B] is not accompanied by any evidence of charges, and the Hospital Affidavit for Medical Records [Doc. # 13, Exh. C] does not attest that the treatment and charges were reasonable and necessary. As a result, Plaintiff

has failed to present evidence that raises a genuine issue of material fact regarding whether the Cy-Fair F.D. and Hospital charges were reasonable and necessary.

There is evidence in the record, albeit submitted by Defendant, that Plaintiff experienced head pain and pain to her right knee at the time of the accident with Defendant's employee. Plaintiff can testify regarding this pain, an element of her damages. As a result, Defendant is entitled to summary judgment on Plaintiff's claim for damages for medical treatment, but not for her claim for damages for pain she suffered on April 15, 2014.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to demonstrate good cause for her failure to designate expert witnesses and provide expert reports by the May 1, 2017, deadline.

Plaintiff has presented evidence that she was taken by ambulance to and treated at Houston Methodist West Hospital after the accident. The medical records reference a contusion of the right knee and a non-specific head injury. This evidence is sufficient to raise a genuine issue of material fact on the damages element of her negligence claim. Plaintiff cannot, however, recover damages for any injuries for which she does not have expert testimony on causation.

Plaintiff has submitted a Medical Records Affidavit for Cy-Fair Volunteer Fire Department and the Hospital. Plaintiff admits that these Medical Records Affidavits

do not comply with the requirements of § 18.001 of the Texas Civil Practice and Remedies Code. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Leave to Designate Expert Witnesses [Doc. # 15] is **DENIED**. It is further

ORDERED that Defendants' Motion for Summary Judgment [Doc. # 13] is **DENIED**. It is further

ORDERED that Defendants' Motion for Summary Judgment on Damages [Doc. # 14] is **GRANTED** as to damages for medical treatment. Plaintiff may testify regarding pain she experienced at the time of the accident.

The case remains scheduled for docket call on **January 17, 2018**.

SIGNED at Houston, Texas, this **21st** day of **December, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE