IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA AKPAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-16-2981 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This Federal Tort Claims Act ("FTCA") case is before the Court on the "Motion for Relief From Order" ("Motion") [Doc. # 22] filed by Plaintiff Brenda Akpan, to which Defendant United States of America filed an Opposition [Doc. # 25]. Plaintiff seeks reconsideration of the Court's Memorandum and Order [Doc. # 17] entered December 21, 2017. The Court denies the Motion.[1]

## **I.  BACKGROUND**

On April 15, 2014, Plaintiff was driving her vehicle when it was struck by a U.S. Postal Service delivery vehicle. Plaintiff was examined at the scene by first responders from the Cy-Fair Volunteer Fire Department ("Cy-Fair F.D."). Plaintiff complained of head and right knee pain, and asked to be transported to Houston

---

[1] Having denied the Motion for Relief from Order, the Court finds no basis to grant the Motion for Trial Continuance [Doc. # 21], which seeks a 90-day continuance based on issues that are now moot.

P:\ORDERS\11-2016\2981MR.wpd   180112.0750

Methodist West Hospital ("Hospital"). Plaintiff was examined at the Hospital and released the same day.

Plaintiff filed this FTCA lawsuit on October 5, 2016. She claimed damages based on injuries to her left knee, neck and lower back. Plaintiff failed to designate experts and provide expert reports by the Court-imposed deadline. Following the close of discovery, Defendant filed a Motion for Summary Judgment and a Motion for Summary Judgment on Damages. Plaintiff then filed a Motion for Leave to Designate Expert Witnesses late, which was denied in the December 21, 2017 Memorandum and Order. Plaintiff does not seek reconsideration of this ruling.

The Court noted in its prior ruling that Plaintiff had an extensive history of injuries that could be pre-existing or alternative causes for the damages she claimed in this case. Therefore, the Court held that Plaintiff needed expert testimony to establish the causal connection between the motor vehicle accident in this case and the injury to her left knee, neck and back. The only exception, the Court held, was Plaintiff's ability to provide non-expert testimony regarding the causal connection between the accident and the treatment by the Cy-Fair F.D. at the scene and at the Hospital on the date of the accident, something within the common experience of a lay witness. Plaintiff seeks reconsideration of this ruling, arguing that Plaintiff should be allowed to present and rely on her own testimony regarding the causal connection

between the motor vehicle accident on April 15, 2014, and her alleged left knee, neck and back injuries.

The Court also noted that Plaintiff failed to present evidence that any charges for the medical treatment she received on the date of the accident were reasonable and necessary. Therefore, the Court limited Plaintiff to her own testimony regarding the pain and discomfort she experienced that day in connection with the accident. Plaintiff seeks reconsideration of the Court's ruling, arguing that she should be permitted to rely on affidavits obtained pursuant to Section 18.001 of the Texas Civil Practices and Remedies Code.

## II.      STANDARD FOR RECONSIDERATION

Rule 59(e)[2] permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing

---

[2]   Plaintiff cites Rule 60(b) of the Federal Rules of Civil Procedure as the basis for her Motion. Where, as here, the motion "was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). Therefore, the Court will treat the Motion as if filed under Rule 59(e). Nonetheless, the Court has also considered Plaintiff's arguments under Rule 60(b).

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also Tate v. Starks*, 444 F. App'x 720, 729 (5th Cir. June 21, 2011).

## III. DISCUSSION

### A. Causation

As noted in the Court's prior ruling, a viable negligence claim under Texas law requires proof of "a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). A plaintiff generally may prove causation either through lay testimony or through expert testimony. See *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). As noted in the Court's prior ruling, however, a plaintiff may rely on non-expert testimony only where "general experience and common sense" would allow a layman to determine, with reasonable probability, the causal relationship between the event and the medical condition and treatment. *Id.* (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)). Determining whether the accident at issue, rather than some other event or a pre-existing condition, caused the need for specific medical treatment is beyond "common experience" and requires expert testimony by a qualified expert. *See Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1994). Plaintiff has not demonstrated that this ruling was a manifest error of law or fact. As a result, for the reasons stated in the December 21, 2017 Memorandum and Order, the Court denies the request for reconsideration of the ruling on causation.

B. **Damages**

The Court noted in the prior Memorandum and Order that, in order to recover damages for the medical treatment she received on April 15, 2014, Plaintiff must prove (1) the amount of the charges for the medical expenses; (2) the reasonableness of the charges; and (3) the necessity of the charges. *See Owens v. Perez*, 158 S.W.3d 96, 110 (Tex. App. – Corpus Christi 2005, no pet.). In Texas state court, Plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code. *See Hilland v. Arnold*, 856 S.W.2d 240, 241 (Tex. App. – Texarkana 1993, no pet.).

In this case, in opposition to Defendant's Motions for Summary Judgment, Plaintiff presented a Cy-Fair F.D. Medical Records Affidavit [Doc. # 13, Exh. B], which was not accompanied by any evidence of charges. Plaintiff also presented a Hospital Affidavit for Medical Records [Doc. # 13, Exh. C], which did not attest that the treatment and charges were reasonable and necessary. As a result, Plaintiff failed to present evidence that raises a genuine issue of material fact regarding whether the Cy-Fair F.D. and Hospital charges were reasonable and necessary.

In support of her pending Motion, Plaintiff relies on § 18.001 of the Texas Civil Practice & Remedies Code, which provides:

> Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE § 18.001. Based on this provision, Plaintiff submits the Affidavit of the Custodian of Records for Cy-Fair F.D., attesting that the unpaid charges in connection with the April 15, 2014 accident were $1,811.34. *See* Affidavit [Doc. # 22-2], p. 5. Plaintiff also submits the Affidavit of the Custodian of Records for Houston Methodist West Hospital, attesting that the total amount paid for services in connection with the April 15, 2014 accident was $1,609.30 and an unpaid balance remains of $14,099.80. *See* Affidavit [Doc. # 22-2], p. 11. Each of the Affidavits references supporting medical records that are not attached.

Plaintiff's reliance on § 18.001 is misplaced. The Texas Supreme Court has now held that § 18.001 is a procedural rule. *See Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011). As a result, the Federal Rules of Evidence, rather than § 18.001, govern. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'"), citing *Hanna v.*

*Plumer*, 380 U.S. 460, 465 (1965); *see also Spratling v. United States*, 2014 WL 12537175, *1 (W.D. Tex. Aug. 13, 2014) ("Federal law governs procedural matters in FTCA cases in federal courts."), citing *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996).

Additionally, the current affidavits do not warrant reconsideration because they are not "newly discovered." The Cy-Fair F.D. Affidavit is dated February 20, 2017, and the Hospital Affidavit is dated May 19, 2017. Each Affidavit, therefore, was available for Plaintiff to submit on November 15, 2017, with her Response in opposition to Defendant's Motions for Summary Judgment. Failure to present readily available evidence does not constitute "newly discovered evidence" which would allow reconsideration. *See Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also Tate*, 444 F. App'x at 729.

Plaintiff argues that the Affidavits were not submitted in opposition to the summary judgment motions through mistake or inadvertence, relying on Rule 60(b)(1) for relief. Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) relief is unavailable, however, when the proffered justification is the "inadvertent mistake" of counsel. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of

the law" are also insufficient bases for Rule 60(b)(1) relief. *Id.* at 357. Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion. *See id.*

Based on the foregoing, the Court denies Plaintiff's Motion seeking reconsideration of the Court's ruling that she failed to present evidence that the charges for medical care on April 15, 2014, were reasonable and necessary. At trial, Plaintiff will be permitted to present her own testimony regarding the pain she experienced on the date of the accident, the only element of damages for which she may recover in this case.

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff has failed to demonstrate that the Court's December 21, 2017 Memorandum and Order involved manifest error of law or fact. Plaintiff has failed to present newly-discovered evidence that would provide a basis for reconsideration of the prior ruling. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Relief From Order [Doc. # 22] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Trial Continuance [Doc. # 21] is **DENIED** to the extent that Plaintiff seeks a 90-day continuance, but is **GRANTED**

only to the extent that the docket call for this case is **RESCHEDULED** to **January 30, 2018, at 9:00 a.m.**  It is further

**ORDERED** that the case is scheduled for a bench trial beginning at **9:00 a.m. on February 14, 2018**.

SIGNED at Houston, Texas, this **12th** day of **January, 2018**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE